UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHENZHEN TUOZHU TECHNOLOGY CO., LTD., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MONTRONIX, INC.,<br><br>Defendant. | Case No. 26-mc-50055<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER AUTHORIZING ALTERNATE SERVICE OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH A RULE 45 SUBPOENA

This is a miscellaneous action to compel compliance with subpoenas issued under Federal Rule of Civil Procedure 45 in an action pending in the Eastern District of Texas.  ECF No. 2.  Plaintiffs served subpoenas for a deposition and to produce documents on Montronix, Inc., a nonparty to the Texas litigation, in September 2025.  ECF No. 2-1.; ECF No. 2-2.  Arguing that Montronix failed to produce a witness for deposition, plaintiffs initiated this case by moving to compel compliance.  ECF No. 2.  The Honorable Brandy R. McMillion referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 4.

When Montronix did not respond to the motion to compel, the Court ordered plaintiffs to file proof that the motion was served.  ECF No. 5. Plaintiffs responded that the subpoenas were served "by personal delivery." ECF No. 6, PageID.171.  But plaintiffs' attempts to personally serve the motion on Montronix's resident agent, Kenneth R. Lombardo, did not succeed.  *Id.*  Thus, plaintiffs sent Lombardo a copy of the motion by certified mail.  *Id.*

The Federal Rules of Civil Procedure provide no guidance on how a motion to compel compliance with a Rule 45 subpoena is to be served on the responding party, and the Court found no other authority on the question.  If the service requirements of Rule 4(h) apply, the corporation's registered agent must be personally served.  *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *4 (6th Cir. Oct. 24, 2022) (holding that Rule 4(h)(1)(B) "authorizes service of process by mailing *and* personally serving a copy of the summons and complaint").  Rule 4(e)(1), which authorizes service by following state-law methods, would also require personal service under Mich. Ct. R. 2.105(D).  *Id.* ("Read in its entirety, Rule 2.105(D) makes clear that 'serving' is not synonymous with 'sending' by mail.").  And under Rule 45 (b)(1), "'[s]erving a subpoena requires delivering a copy to the named person,'" thus requiring personal service.  *Powell v. State Farm Fire*

2

*& Cas. Co.*, No. 15-13342, 2015 WL 13619425, at *1 (E.D. Mich. Dec. 23, 2015).

No matter which rule applies, courts permit alternate service in both instances when the plaintiff shows that service "cannot reasonably be made." Mich. Ct. R. 2.105(I)(1); *OceanFirst Bank v. Hartford Fire Ins. Co.,* 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (noting that Rule 45 allows for "service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort"). The alternate means of service must be "reasonably calculated" give the responding party notice of the proceedings. Mich. Ct. R. 2.105(I)(1); *OceanFirst,* 794 F. Supp. 2d at 754.

"Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness." *OceanFirst*, 794 F. Supp. 2d at 754 (cleaned up). Email has also been found adequate. *Reyes-Trujillo v. Four-Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) ("[I]n cases where Defendants have conducted business online, via email, or other electronic means, courts in this Circuit have permitted service of process by email and other alternative methods.").

3

Plaintiffs correctly identify Lombardo as Montronix's resident agent and his registered office address in Detroit.[1]  *See* ECF No. 6, PageID.171. Process servers tried to serve Lombardo three times at that address in January and February 2026.  ECF No. 6-1.  The process servers stated that security staff in the building's lobby called Lombardo's office but that access to the suite was refused.  *Id.*, PageID.173-174.  A process server tried to serve Montronix a fourth time at its registered business address in Ann Arbor, but the office did not exist.  *Id.*, PageID.176.

Plaintiffs have shown that Lombardo may be evading service and that personal service is not practicable despite their diligent efforts.  Sending the relevant documents to Lombardo by certified mail and email are methods of alternate service that will result in actual delivery.  Thus, plaintiffs may effect alternate service on Montronix by:

- Mailing the motion to compel, memorandum in support, order of referral, and a copy of this order, via certified mail, to Lombardo at 500 Woodward Avenue, Suite 2500, Detroit, MI 48226; and

- Emailing the motion to compel, memorandum in support, order of

---

[1] The Court confirmed this information through Michigan's Department of Licensing and Regulatory Affairs (LARA) website.  *See* https://mibusinessregistry.lara.state.mi.us/search/business (last visited February 13, 2026).

referral, and a copy of this order, to Lombardo at klombardo@kerr-russell.com.[2]

Plaintiffs must file written notice attesting that they have completed alternate service as directed.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 17, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

---

[2] This postal address and email address are reliable, as they match the information provided on Lombardo's law firm profile.  *See* https://www.kerr-russell.com/attorneys/kenneth-r-lombardo/ (last visited February 13, 2026).

5

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager